| | |
|---|---|
| DISTRICT COURT, MONTEZUMA COUNTY, COLORADO<br>Court Address:<br>865 North Park St., Suite 100<br>Cortez, CO 81321<br>Telephone:     970-565-1111 | DATE FILED: July 23, 2018 11:24 AM<br>FILING ID: 246684F6DCFE3<br>CASE NUMBER: 2018CV30064 |
| **Plaintiff(s): KURT ANTHONY SMITH**<br><br>**Defendant(s):** ARAMARK CORPORATION; ARAMARK SERVICES, INC.; ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC; ARAMARK SPORTS AND ENTERTAINMENT GROUP, LLC; MESA VERDE COMPANY; ARAMARK MESA VERDE and ROBERT WAYNE LEE | **COURT USE ONLY** |
| Attorney for Plaintiff<br>Kirk B. Carroll<br>P.O. Box 2574<br>Durango, CO 81302<br>Phone Number: (970)259-1915<br>Fax Number: (970)259-1121<br>E-mail: kirk@kirkcarroll.com<br>Atty. Reg. #: 24090 | Case Number:<br>18 CV<br><br>Division:         Courtroom: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

Plaintiff, Kurt Anthony Smith, by and through his attorney, Kirk B. Carroll, state the following complaint and jury demand:

## GENERAL ALLEGATIONS

1. At all times relevant to this action, Plaintiff, resided at 3005 West 2nd Ave., Durango, CO 81301.

2. Upon information and belief, Defendant, Robert Wayne Lee resides at 34879 Highway 160, Mancos, CO 81328.

3. Upon information and belief, Defendant, Robert Wayne Lee, was a driver licensed by the State of Colorado, who was driving as his profession, and who was employed by Aramark Corporation on August 25, 2015.

4. Upon information and belief, Defendant, Robert Wayne Lee, was a driver licensed by the State of Colorado, who was driving as his profession, and who was employed by Aramark Services, Inc. on August 25, 2015.

1

5. Upon information and belief, Defendant, Robert Wayne Lee, was a driver licensed by the State of Colorado, who was driving as his profession, and who was employed by ARAMARK Sports and Entertainment Services, LLC on August 25, 2015.

6. Upon information and belief, Defendant, Robert Wayne Lee, was a driver licensed by the State of Colorado, who was driving as his profession, and who was employed by ARAMARK Sports and Entertainment Group, LLC on August 25, 2015.

7. Upon information and belief, Defendant, Robert Wayne Lee, was a driver licensed by the State of Colorado, who was driving as his profession, and who was employed by Mesa Verde Company on August 25, 2015.

8. Upon information and belief, Defendant, Robert Wayne Lee, was a driver licensed by the State of Colorado, who was driving as his profession, and who was employed by Aramark Mesa Verde on August 25, 2015.

9. Upon information and belief, Defendant, Robert Wayne Lee was within his course and scope of employment with Aramark Corporation driving a Bluebird passenger bus on August 25, 2015, when he collided with Plaintiff.

10. Upon information and belief, Defendant, Robert Wayne Lee was within his course and scope of employment with Aramark Services, Inc. driving a Bluebird passenger bus on August 25, 2015, when he collided with Plaintiff.

11. Upon information and belief, Defendant, Robert Wayne Lee was within his course and scope of employment with ARAMARK Sports and Entertainment Services, LLC; driving a Bluebird passenger bus on August 25, 2015, when he collided with Plaintiff.

12. Upon information and belief, Defendant, Robert Wayne Lee was within his course and scope of employment with ARAMARK Sports and Entertainment Group, LLC driving a Bluebird passenger bus on August 25, 2015, when he collided with Plaintiff when he collided with plaintiff

13. Upon information and belief, Defendant, Robert Wayne Lee was within his course and scope of employment with Mesa Verde Company driving a Bluebird passenger bus on August 25, 2015, when he collided with Plaintiff.

14. Upon information and belief, Defendant, Robert Wayne Lee was within his course and scope of employment with Aramark Mesa Verde driving a Bluebird passenger bus on August 25, 2015, when he collided with Plaintiff.

15. Upon information and belief, Defendants, Aramark Corporation and Aramark Services, Inc. are foreign corporations, registered with the Colorado Secretary of State to conduct business in the State of Colorado, with a principal office street address of 1101 Market Street, Philadelphia, PA 19107.

16.     Upon information and belief, Defendants, ARAMARK Sports and Entertainment Services, LLC and ARAMARK Sports and Entertainment Group, LLC are a foreign limited liability companies, registered with the Colorado Secretary of State to conduct business in the State of Colorado, with a principal office street address of 1101 Market Street, Philadelphia, PA 19107.

17.     Whereas, Defendant's vehicle collided with the Plaintiff in Montezuma County, Colorado, venue is proper in the District Court of Montezuma County pursuant to C.R.C.P. 98(c).

## FACTUAL ALLEGATIONS

18.     Plaintiffs incorporate herein by this reference, the allegations in paragraphs 1 through 17 of this Complaint, as set forth verbatim.

19.     On August 25, 2015, Defendant, Robert Wayne Lee, was the driver of a 1998 Bluebird passenger bus that has a gross vehicle weight of over 10,001 pounds owned by Defendant, Aramark Corporation, that collided with Plaintiff.

20.     On August 25, 2015, Defendant, Robert Wayne Lee, was the driver of a 1998 Bluebird passenger bus that has a gross vehicle weight of over 10,001 pounds owned by Defendant, Aramark Services, Inc., that collided with Plaintiff.

21.     On August 25, 2015, Defendant, Robert Wayne Lee, was the driver of a 1998 Bluebird passenger bus that has a gross vehicle weight of over 10,001 pounds owned by Defendant, ARAMARK Sports and Entertainment Services, LLC, that collided with Plaintiff.

22.     On August 25, 2015, Defendant, Robert Wayne Lee, was the driver of a 1998 Bluebird passenger bus that has a gross vehicle weight of over 10,001 pounds owned by Defendant, ARAMARK Sports and Entertainment Group, LLC, that collide with Plaintiff.

23.     On August 25, 2015, Defendant, Robert Wayne Lee, was the driver of a 1998 Bluebird passenger bus that has a gross vehicle weight of over 10,001 pounds owned by Defendant, Mesa Verde Company, that collided with Plaintiff.

24.     On August 25, 2015, Defendant, Robert Wayne Lee, was the driver of a 1998 Bluebird passenger bus that has a gross vehicle weight of over 10,001 pounds owned by Defendant, Aramark Mesa Verde, that collided with Plaintiff.

25.     On August 25, 2015, Defendant, Robert Wayne Lee, was an employee of Defendant, Aramark Corporation, when the bus he was driving collided with Plaintiff.

26.     On August 25, 2015, Defendant, Robert Wayne Lee, was an employee of Defendant, Aramark Services, Inc., when the bus he was driving collided with Plaintiff.

27.     On August 25, 2015, Defendant, Robert Wayne Lee, was an employee of Defendant,  ARAMARK Sports and Entertainment Services, LLC, when the bus he was driving collided with Plaintiff.

28.     On August 25, 2015, Defendant, Robert Wayne Lee, was an employee of Defendant, ARAMARK Sports and Entertainment Group, LLC, when the bus he was driving collided with Plaintiff.

29.     On August 25, 2015, Defendant, Robert Wayne Lee, was an employee of Defendant, Mesa Verde Company, when the bus he was driving collided with Plaintiff.

30.     On August 25, 2015, Defendant, Robert Wayne Lee, was an employee of Defendant, Aramark Mesa Verde, when the bus he was driving collided with Plaintiff.

31.     On August 25, 2015, Defendant, Robert Wayne Lee, was operating a 1998 Bluebird passenger bus driving northbound on the Mesa Verde National Park, Main Park Road, Montezuma County, Colorado at approximately 1/8 of a mile North of the Farview Lodge, when Defendant, Robert Wayne Lee negligently drove the right side of the 1998 Bluebird passenger bus into the left side of Plaintiff while Plaintiff was riding his bicycle northbound close to the white traffic line on the right side of the Main Park Road, causing Plaintiff to fall onto the Main Park Road pavement.

32.     The Defendant, Robert Wayne Lee, while operating the 1998 Bluebird passenger bus and overtaking Plaintiff while riding his bicycle proceeding in the same direction did not allow at least three feet of separation between the right side of drivers vehicle, including all mirrors or other projections, and the left side of Plaintiff at all times in violation of C.R.S. §42-4-1003(1)(b).

33.     Defendant, Robert Wayne Lee, negligent actions on August 25, 2015, were the proximate cause of the collision with the vehicle driven by Defendant, Robert Wayne Lee, and the Plaintiff and Plaintiff's bicycle which caused Plaintiff to fall to the road pavement.

34.     Plaintiff was not comparatively negligent in causing the collision at issue on August 25, 2015.

35.     At the time of the above-referenced collision, Defendant, Robert Wayne Lee, was driving the 1998 Bluebird passenger bus in the course and scope of his employment and/or agency with Aramark Corporation.

36.     At the time of the above-referenced collision, Defendant, Robert Wayne Lee, was driving the 1998 Bluebird passenger bus in the course and scope of his employment and/or agency with Aramark Services, Inc.

4

37.     At the time of the above-referenced collision, Defendant, Robert Wayne Lee, was driving the 1998 Bluebird passenger bus in the course and scope of his employment and/or agency with ARAMARK Sports and Entertainment Services, LLC.

38.     At the time of the above-referenced collision, Defendant, Robert Wayne Lee, was driving the 1998 Bluebird passenger bus in the course and scope of his employment and/or agency with ARAMARK Sports and Entertainment Group, LLC,

39.     At the time of the above-referenced collision, Defendant, Robert Wayne Lee, was driving the 1998 Bluebird passenger bus in the course and scope of his employment and/or agency with Mesa Verde Company.

40.     At the time of the above-referenced collision, Defendant, Robert Wayne Lee, was driving the 1998 Bluebird passenger bus in the course and scope of his employment and/or agency with Aramark Mesa Verde.

41.     Upon information and belief, Defendant, Aramark Corporation, failed to exercise reasonable care in hiring, supervising and/or training of Defendant, Robert Wayne Lee.

42.     Upon information and belief, Defendant, Aramark Services, Inc., failed to exercise reasonable care in hiring, supervising and/or training of Defendant, Robert Wayne Lee.

43.     Upon information and belief, Defendant, ARAMARK Sports and Entertainment Services, LLC, failed to exercise reasonable care in hiring, supervising and/or training of Defendant, Robert Wayne Lee.

44.     Upon information and belief, Defendant, ARAMARK Sports and Entertainment Group, LLC, failed to exercise reasonable care in hiring, supervising and/or training of Defendant, Robert Wayne Lee.

45.     Upon information and belief, Defendant, Mesa Verde Company, failed to exercise reasonable care in hiring, supervising and/or training of Defendant, Robert Wayne Lee.

46.     Upon information and belief, Defendant, Aramark Mesa Verde, failed to exercise reasonable care in hiring, supervising and/or training of Defendant, Robert Wayne Lee.

47.     As a direct and proximate result of the collision between the vehicle driven by Defendant, Robert Wayne Lee, on August 25, 2015 and Plaintiff and Plaintiff's bicycle, Plaintiff suffered injuries and damages, including but not limited to injury to Plaintiff's lower back, neck, concussion, traumatic brain injury, tinnitus, left wrist, bruising and abrasions.

48. As a direct and proximate result of the collision between the vehicle driven by Defendant, Robert Wayne Lee, Plaintiff and Plaintiff's bicycle, Plaintiff, suffered economic and non-economic damages.

49. As a direct and proximate result of the collision between the vehicle driven by Defendant, Robert Wayne Lee, Plaintiff and Plaintiff's bicycle, Plaintiff incurred past and future economic expenses, losses and damages, including, but not limited to past and future medical expenses, loss of earnings and impairment of earning capacity.

50. As a direct and proximate result of the collision between the vehicle driven by Defendant, Robert Wayne Lee, Plaintiff and Plaintiff's bicycle , Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

51. As a direct and proximate result of the collision between the vehicle driven by Defendant, Robert Wayne Lee, Plaintiff and Plaintiff's bicycle, Plaintiff has suffered permanent physical impairment.

## FIRST CLAIM FOR RELIEF
### Negligence Resulting in Personal Injury to Plaintiff

52. Plaintiff incorporates herein by this reference, the allegations contained in Paragraphs 1 through 51 of this Complaint, as set forth verbatim.

53. Defendant, Robert Wayne Lee, owed Plaintiff a duty to exercise reasonable care and was negligent in operation of the motor vehicle he was driving on August 25, 2015, on the Main Park Road, Mesa Verde National Park, Montezuma County, Colorado.

54. Defendant, Robert Wayne Lee, breached the duty to maintain a proper lookout to see what he could and should have seen in the exercise of reasonable care.

55. Defendant, Robert Wayne Lee, breached his above stated duty of care by operating the motor vehicle in a negligent and carless manner without regard to all attendant circumstances.

56. Defendant, Robert Wayne Lee's, negligence and breach of the above mentioned duty directly and proximately caused Plaintiff to incur past and future economic expenses, losses and damages, including, but not limited to, past and future medical expenses, loss of earning and impairment of earning capacity.

57. As a direct and proximate result of Defendant, Robert Wayne Lee's, negligence, Plaintiffs has suffered past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, permanent physical impairment and impairment of quality of life.

## SECOND CLAIM FOR RELIEF
**Vicarious Liability of Defendants, Aramark Corporation; Aramark Services, Inc.; ARAMARK Sports and Entertainment Services, LLC; ARAMARK Sports and Entertainment Group, LLC; Mesa Verde Company; Aramark Mesa Verde Pursuant to the Doctrine of Respondent Superior**

58.     Plaintiffs incorporated herein by this reference, the allegations contained in Paragraphs 1 through 57 of this Complaint, as set forth verbatim.

59.     Upon information and belief, on August 25, 2015, at the time of the above stated collision, Defendant, Robert Wayne Lee, was an agent and/or employee of Defendant, Aramark Corporation.

60.     Upon information and belief, on August 25, 2015, at the time of the above stated collision, Defendant, Robert Wayne Lee, was an agent and/or employee of Defendant, or Aramark Services, Inc.

61.     Upon information and belief, on August 25, 2015, at the time of the above stated collision, Defendant, Robert Wayne Lee, was an agent and/or employee of Defendant, ARAMARK Sports and Entertainment Services, LLC.

62.     Upon information and belief, on August 25, 2015, at the time of the above stated collision, Defendant, Robert Wayne Lee, was an agent and/or employee of Defendant, ARAMARK Sports and Entertainment Group, LLC.

63.     Upon information and belief, on August 25, 2015, at the time of the above stated collision, Defendant, Robert Wayne Lee, was an agent and/or employee of Defendant, Mesa Verde Company.

64.     Upon information and belief, on August 25, 2015, at the time of the above stated collision, Defendant, Robert Wayne Lee, was an agent and/or employee of Defendant, Aramark Mesa Verde.

65.     Upon information and belief, on August 25, 2015, at the time of the above stated collision Defendant, Robert Wayne Lee, was acting within the course and scope of his employment and/or agency, and with authority of Defendant, Aramark Corporation.

66.     Upon information and belief, on August 25, 2015, at the time of the above stated collision Defendant, Robert Wayne Lee, was acting within the course and scope of his employment and/or agency, and with authority of Defendant, Aramark Services, Inc.

67.     Upon information and belief, on August 25, 2015, at the time of the above stated collision Defendant, Robert Wayne Lee, was acting within the course and scope of his employment and/or agency, and with authority of Defendant, ARAMARK Sports and Entertainment Services, LLC.

68. Upon information and belief, on August 25, 2015, at the time of the above stated collision Defendant, Robert Wayne Lee, was acting within the course and scope of his employment and/or agency, and with authority of Defendant, ARAMARK Sports and Entertainment Group, LLC.

69. Upon information and belief, on August 25, 2015, at the time of the above stated collision Defendant, Robert Wayne Lee, was acting within the course and scope of his employment and/or agency, and with authority of Defendant, Mesa Verde Company.

70. Upon information and belief, on August 25, 2015, at the time of the above stated collision Defendant, Robert Wayne Lee, was acting within the course and scope of his employment and/or agency, and with authority of Defendant, Aramark Mesa Verde.

71. The acts or omission of the Defendant, Robert Wayne Lee as agent or employee of Aramark Corporation at the time of the collision, are by law deemed the acts or omission of the Defendant, Aramark Corporation.

72. The acts or omission of the Defendant, Robert Wayne Lee as agent or employee of Aramark Services, Inc. at the time of the collision, are by law deemed the acts or omission of the Defendant, Aramark Services, Inc.

73. The acts or omission of the Defendant, Robert Wayne Lee as agent or employee of ARAMARK Sports and Entertainment Services, LLC, at the time of the collision, are by law deemed the acts or omission of the Defendant, ARAMARK Sports and Entertainment Services, LLC.

74. The acts or omission of the Defendant, Robert Wayne Lee as agent or employee of ARAMARK Sports and Entertainment Group, LLC, at the time of the collision, are by law deemed the acts or omission of the Defendant, ARAMARK Sports and Entertainment Group, LLC.

75. The acts or omission of the Defendant, Robert Wayne Lee as agent or employee of Mesa Verde Company, at the time of the collision, are by law deemed the acts or omission of the Defendant, Mesa Verde Company.

76. The acts or omission of the Defendant, Robert Wayne Lee as agent or employee of Aramark Mesa Verde at the time of the collision, are by law deemed the acts or omission of the Defendant, Aramark Mesa Verde

## JURY DEMAND

77. Plaintiff requests a jury of six (6) on all issues so triable.

WHEREFORE, Plaintiff, demand judgment against Defendants, Robert Wayne Lee; Aramark Corporation; Aramark Services, Inc.; ARAMARK Sports and Entertainment Services, LLC; ARAMARK Sports and Entertainment Group, LLC; Mesa

Verde Company and Aramark Mesa Verde in an amount to be determined at trial, pre-judgment interest, post-judgment interest, costs, expert witness fees and for such other and further relief as the Court may deem proper.

Respectfully submitted this 23rd day of July 2018

 /s/ Kirk B. Carroll
Kirk B. Carroll, #24090
Attorney for Plaintiff
P.O. Box 2574
Durango, CO 81302

Plaintiff's Address
P.O. Box 816
Durango, CO 81302

9